# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERT JAMES JOHNSON,** | § | |
| **Reg. No. 34555-177,** | § | |
| **Petitioner,** | § | |
| | § | **EP-11-CV-163-KC** |
| **v.** | § | |
| | § | |
| **M. TRAVIS BRAGG,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court *sua sponte* considered Petitioner Robert James Johnson's ("Johnson") *pro se* petition for habeas corpus under 28 U.S.C. § 2241. Therein, Johnson attempts to invoke the "savings clause" of 28 U.S.C. § 2255 to challenge the sentence imposed by the United States District Court for the Northern District of Texas after he pleaded guilty to distributing cocaine base.[1] Johnson asserts the trial court erred when it determined that he was a career offender based on two prior state-court convictions for possessing with the intent to deliver less than one gram of cocaine. For the reasons discussed below, the Court will dismiss Johnson's petition, pursuant to 28 U.S.C. § 2243.[2]

---

[1] *See United States v. Johnson*, 5:05cv181 (N.D. Tex. April 28, 2006). A grand jury in the Northern District of Texas, Lubbock Division, charged Johnson in a three-count indictment with distributing less than 50 grams of cocaine base, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2 ("count one"); and two counts of distributing more than 50 grams of cocaine base, and aiding and abetting, each in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and 18 U.S.C. § 2 ("counts two and three"). Johnson pleaded guilty, pursuant to a written plea agreement and factual resume, to count one of the indictment. The trial court accepted the plea and dismissed the remaining counts. The trial court sentenced Johnson to 188 months' imprisonment followed by four years' supervised release. Johnson did not file an appeal.

[2] 28 U.S.C. § 2243 (West 2011) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the*

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[3] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[4] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[5] By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[6] Accordingly, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[7] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[8]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules. It provides that a court may entertain a petition for writ of habeas corpus

---

*applicant or person detained is not entitled thereto*.") (emphasis added).

[3] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[4] 28 U.S.C.A. § 2241(c) (West 2011).

[5] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[6] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[7] *See Cox,* 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under§ 2255).

[8] *Pack*, 218 F.3d at 452.

challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[9]  A petitioner must, however, satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241.

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[10]

Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[11]

In this case, Johnson does not "claim that he is relying on [a] new rule of constitutional law[] made retroactively [applicable] to cases on collateral review that was previously unavailable."[12]  He does not assert that he was convicted of a nonexistent offense.  Instead, he argues that the trial court miscalculated his criminal history, erroneously categorized him as a career offender, and improperly imposed a punishment.  Claims relating to punishments,

---

[9] *See* 28 U.S.C.A. 2255(e) (West 2011) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[10] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[11] *Id*. at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[12] Mem. in Supp. 5 [ECF No. 1-1].

however, are not sufficient to invoke § 2255's "savings clause."[13]  As a result, Johnson may not

obtain relief in a petition filed pursuant to § 2241.

Accordingly, after due consideration, the Court enters the following orders:

1.      The Court **DISMISSES WITH PREJUDICE** Petitioner Robert James Johnson's

*pro se* petition for habeas corpus under 28 U.S.C. § 2241.

2.      The Court **DENIES AS MOOT** all pending motions.

**SO ORDERED**.

**SIGNED** this 5th **day of May, 2011**.


_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[13] *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir.2000) ("Kinder's argument that he is
actually innocent of being a career offender . . . is not the type of argument that courts have
recognized may warrant review under § 2241."); *see also Hartfield v. Joslin*, 235 F. App'x 357,
358 (5th Cir. 2007) (unpub. op.) (explaining claim of actual innocence of career offender
enhancement is not sufficient to satisfy savings clause).